# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TERRY McCOY**                                                           **PLAINTIFF**

v.                  No: 4:20-cv-00747 LPR-PSH

**ELKINS**                                                              **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Terry McCoy filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 15, 2020 (Doc. No. 2).[1] On March 24, 2021, mail sent to McCoy at his

---

[1] In its initial order to McCoy, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified

address of record was returned to the Court as undeliverable (Doc. No. 23). The envelope for that returned mail contains a handwritten statement that McCoy was "no longer housed at this facility." The following day, the Court entered a text order directing McCoy to provide notice of his current mailing address within the next 30 days. *See* Doc. No. 24. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The text order was returned to the Clerk of the Court and entered on the docket as undeliverable. The envelope containing the order contains a handwritten statement stating, " Return To Sender, No longer housed at this address." *See* Doc. No. 25.

More than 30 days have passed, and McCoy has not complied or otherwise responded to the March 25, 2021 text order. McCoy failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

---

McCoy that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

It is therefore recommended that McCoy's complaint and amended complaint (Doc. Nos. 2 & 4) be dismissed without prejudice and Defendant Elkins' Motion for Summary Judgment (Doc. No. 19) be denied as moot.

DATED this 12th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE